# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | Case No. 2:09CR00007-002 |
| v. ) | **OPINION AND ORDER** |
| **RANDALL B. MULLINS**, ) | By: James P. Jones |
| ) | Chief United States District Judge |
| Defendant. ) | |

*Randy Ramseyer, Assistant United States Attorney, Abingdon, Virginia, for United States; Daniel W. Fast, Wise, Virginia, for Defendant.*

In this criminal case, the defendant objects to restitution being ordered, as requested by the government. For the following reasons, I will order restitution, but in an amount less than sought by the government.

I

Patricia Regina Mullins, the wife of defendant Randall B. Mullins, pleaded guilty to concealing an event affecting her right to Social Security disability benefits, as well as lying to an employee of the Social Security Administration concerning her right to continued benefits. Randall, in turn, pleaded guilty to attempted obstruction of an official proceeding, in violation of 18 U.S.C.A. § 1512(c)(2) (West Supp. 2009).

The facts show that Patricia, a supplemental security income ("SSI") recipient, claimed that she and Randall had separated and had not lived together since July of 2005. In fact, they did live together during all of this time, which affected Patricia's entitlement to SSI benefits. The Social Security Administration determined that since July of 2005, she had received $23,977 in benefits to which she was not entitled.

The investigation of Patricia's criminal conduct began in March of 2008. Thereafter, Randall asked Scott Mullins, his brother, to lie for Patricia to the Social Security Administration and say that he and Patricia had not lived together.

In his written Plea Agreement, Randall agreed that he would pay restitution "for the entire scope of [his] criminal conduct, including, but not limited to, all matters determined by the Court to be relevant conduct." (Plea Agreement ¶ 4(a).)

The government argues that Randall was an accessory after the fact and thus is liable as a matter of law for restitution of the full amount of the SSI benefits Patricia received since July of 2005, even though there is no direct evidence that Randall knew before March of 2008 that his wife had received benefits illegally.

Alternatively, the government argues that it can be reasonably inferred that Randall knew from the beginning that the benefits were improper. Although Randall has been regularly employed as a heavy equipment operator, there is no doubt that Patricia used the SSI benefits for their household, which consisted of both Patricia

and Randall and their young grandson. In addition, because Patricia was a SSI recipient, she also was entitled to Medicaid benefits, which she needed for medical treatment.

On the other hand, while Randall knew that Patricia was receiving benefits, he denies that he had any knowledge that there was any illegality connected with those benefits, at least not until March of 2008, when the Social Security Administration started its investigation. At the most, he argues that he should be liable only for restitution from March through August of 2008, after which date Patricia's benefits were terminated. At that time the SSI benefits were $637 per month.[1]

II

Federal courts are restricted in the ability to impose restitution in criminal cases to the express authority given by statute. *United States v. Broughton-Jones*, 71 F.3d 1143, 1149 (4th Cir. 1995). The Victim and Witness Protection Act of 1982, 18 U.S.C.A. § 3663 (West 2000 & Supp. 2009), provides that the court may order restitution to "a person directly and proximately harmed as the result of the commission of an offense." 18 U.S.C.A. § 3663(a)(2). In addition, "[t]he court may

---

[1] *See* www.socialsecurity.gov, Supplemental Security Income, Answer 85 (last visited Nov. 9, 2009).

order restitution in any criminal case to the extent agreed to by the parties in a plea agreement." 18 U.S.C.A. § 3663(a)(3).[2]

In his Plea Agreement, Randall promised to pay restitution resulting from matters determined to be "relevant conduct." That term is defined in the U.S. Sentencing Commission's Guideline Manual as:

> (1)(A) all acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant; and
>
> **(B)** in the case of a jointly undertaken criminal activity (a criminal plan, scheme, endeavor, or enterprise undertaken by the defendant in concert with others, whether or not charged as a conspiracy), all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity,
>
> that occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense.
>
> . . . .
>
> (3) all harm that resulted from the acts and omissions specified in subsections . . . above, and all harm that was the object of such acts and omissions.

U.S. Sentencing Guidelines Manual ("USSG") 1B1.3(a) (2008). The commentary by the Sentencing Commission to this provision states, "A defendant's relevant conduct

---

[2] The Mandatory Victims Restitution Act of 1996, 18 U.S.C.A. § 3663A (West 2000 & Supp. 2009), similarly provides for restitution, but only for certain enumerated offenses, including crimes of violence and offenses against property. *See* 18 U.S.C.A. § 3663A(c)(1).

does not include the conduct of members of a conspiracy prior to the defendant's joining the conspiracy, even if the defendant knows of that conduct." USSG 1B1.3 cmt. n.2 (2008).

While it is clear that the defendant's agreement to pay restitution for relevant conduct makes him liable for the loss occurring after March of 2008, when he joined his wife in her efforts to defraud the Social Security Administration, I find that he is not liable for amounts taken by her prior to that date.

In the first place, I find that the government has not proved that Randall knew before March of 2008 that his wife was receiving SSI illegally.[3] There was no evidence that he knew or had reason to know that fact, and I find it not unreasonable that the defendant would not be aware of the eligibility requirements of this government program.

Secondly, while it is possible for an accessory after the fact to be held liable for the full amount of restitution ordered against the principals, *see United States v. Quackenbush*, 9 F. App'x 264, 268 (4th Cir. 2001) (unpublished), the facts must show that the accessory's conduct caused the loss to the victim, *id.* at 269. There is

---

[3] The government has the burden of proof by a preponderance of the evidence as to restitution. 18 U.S.C.A. § 3664(e) (West 2000).

no evidence here that the defendant's attempted obstruction caused any of the past loss to the Social Security Administration.

Finally, the court has the power to apportion liability for restitution among defendants "to reflect the level of contribution to the victim's loss." 18 U.S.C.A. § 3664(h) (West 2000); *Quackenbush*, 9 F. App'x at 271 n.8. It is appropriate to apportion to Randall only the amount of loss occurring after his offense of conviction.

For the foregoing reasons, it is **ORDERED** that the defendant must pay to the Social Security Administration restitution in the amount of $3,822, representing the amount of monthly SSI benefits of $637 paid to his wife for the months of March to and including August, 2008. This amount is due immediately and payable in equal monthly installments of $100, beginning 30 days from the date of this Order. Payment of interest is waived. This obligation is joint and several with the codefendent, Patricia Regina Mullins.

The clerk is directed to prepare an amended judgment in accord with this Order.

    ENTER: November 16, 2009

    /s/ JAMES P. JONES
    Chief United States District Judge